322 So.2d 717

**BOARD OF WATER AND SEWER COM-
MISSIONERS OF The CITY
OF MOBILE**

v.

**John E. McDONALD, Jr. and
Barbara B. McDonald.**

**Civ. 474.**

Court of Civil Appeals of Alabama.

Aug. 6, 1975.

Rehearing Denied Sept. 10, 1975.

Gaillard, Smith & Little, Mobile, for appellant.

John W. Parker and Tonsmeire, McFadden & Riley, Mobile, for appellees.

**428**

WRIGHT, Presiding Judge.

John E. McDonald, Jr. filed suit in the Circuit Court of Mobile County against defendant, Board of Water and Sewer Commissioners of the City of Mobile on October 31, 1973. The gravamen of the action was that on December 18, 1963, a decree of condemnation was entered in the probate court of Mobile County by which there was condemned a ten-foot sanitary sewer easement across a lot of plaintiff. Damages of $100.00 were directed to be paid plaintiff; the $100.00 was never paid plaintiff; the easement was thereafter exercised by defendant but not in the location described in the decree of condemnation; plaintiff claimed damages for continuing trespass, wrongful taking of property and damages for the taking. After trial without a jury the court awarded damages in the sum of $3,200.00. Defendant Board appeals.

Defendant charges error in the ruling of the trial court granting a motion of plaintiff, filed on August 19, 1974, to amend by adding Barbara B. McDonald as a party plaintiff.

The ruling of the lower court arose under the following circumstances: On August 15, 1974, the Board moved for dismissal or summary judgment against plaintiff John McDonald on the ground that he was not the owner of the property. The allegations of the motion and exhibits attached showed that McDonald had conveyed title to his wife, Barbara, on July 17, 1961, and record title remained in her as of the date of the motion. Without controverting the motion of defendant for summary judgment, plaintiff first filed a motion on August 16, 1974, to join Barbara McDonald as a party plaintiff under Rule 17(a) of the *Alabama Rules of Civil Procedure* as the real party in interest. Plaintiff next filed a motion to join or substitute Barbara McDonald under Rule 21, *ARCP*.

Defendant's motion for summary judgment and the motions of plaintiff to join or substitute Barbara McDonald as party plaintiff all were presented and arguments heard thereon by the court on August 19, 1974. Defendant was granted summary judgment against John McDonald. Plaintiff's motion to amend and join or substitute Barbara McDonald as plaintiff was granted.

After trial and judgment defendant moved for judgment notwithstanding the verdict or in the alternative the granting of a new trial. The motion was denied.

The ground of the motion for judgment N.O.V. is the same as the argument against the requested amendment—that is, the amendment was improper under Rule 15(a) and was such as did not relate back to the date of the original complaint under Rule 15(c).

The position of defendant below and on appeal is founded upon undisputed facts. These are: the Board brought action to condemn a sewer easement across several properties. It was alleged in the petition

that among such properties was a lot owned by John McDonald. He was served with the petition for condemnation and was represented by counsel at the hearing thereon. Damages of $100.00 were awarded him for the taking. The Board· paid to the probate court the total of all damages awarded for the total project. Some of the owners appealed the probate court award. The check was returned to the Board. McDonald never received the sum awarded. The right obtained by the Board was promptly exercised in December, 1963, by installing a sewer across the McDonald property. McDonald observed the location of the line and through counsel notified the Board that he believed it to be installed in a location other than that condemned. No further action was taken until he filed suit in October, 1973. In August, 1974, the Board found the title to the property which it had sought to condemn to be in Barbara, the wife of John McDonald. Such title has been transferred by deed in 1961, prior to the action to condemn. This information prompted the motion for summary judgment against John McDonald. It also made it necessary for McDonald to seek to join or substitute his wife as plaintiff.

There is no question but that Rule 15 of the new *Alabama Rules of Civil Procedure* is a marked departure from our previous rules of practice and procedure. The Committee Comment makes such fact very evident when it says, "Under the rule it will be entirely irrelevant that a proposed amendment changes the cause of action or the theory of the case or that it states a claim arising out of a transaction different from that originally sued on *or that it caused a change in parties* . . . The rule, instead, is that amendments are to be allowed 'freely . . . when justice so requires.' Normally, an amendment should be denied only if the amendment would cause actual prejudice to the adverse party." (Emphasis added.)

The purpose of the rules to effect justice upon the merits of the claim and to renounce technicality of procedure is markedly evident from the last two sentences of Rule 15(b). These sentences are as follows:

"An amendment shall not be refused under subdivision (a) and (b) of ·this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The court is to be liberal in granting permission to amend when justice so requires."

These sentences are not found in the federal Rule 15 but are certainly expressive of the interpretations of the federal rule by the federal courts. *Robbins v. Jordan*, 86 U.S.App.D.C. 304, 181 F.2d 793. 6 Wright & Miller, *Federal Practice and Procedure*, Civil, § 1495. 1 Lyons, *Alabama Practice*, Sec. 15.5, page 309.

With the principle clearly in mind that amendments are to be allowed as justice requires, regardless of the common law prohibition as to changes in causes of action or complete change of parties, we look further in this case to Rule 15(c) which, as pertinent, is as follows:

"Relation Back of Amendments.— Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13(c). An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Though Rule 15(c) as it reads applies to amendment affecting defendants, it has been held that it is to be applied by analogy to amendments changing plaintiffs. 6 Wright & Miller, *Federal Practice and Procedure*, § 1501. *Yordan v. Flaste*, D. C.Del.1974, 374 F.Supp. 516.

■ Defendant in this case argues that the amendment permitted by the court when related back to the original complaint denies to defendant the defense of the ten-year statute of limitation under Title 7, Sec. 20, *Code of Alabama* (1940), and the adverse possession statute, Title 7, Sec. 828, *Code of Alabama* (1940). Each statute has the same end and purpose. *Drummond v. Drummond*, 232 Ala. 401, 168 So. 428.

Defendant contends that at the time of the amendment, it had been adversely in possession of the property for more than ten years; that the relation back of the substitution of Barbara McDonald as plaintiff prevented it from asserting such as a defense.

Plaintiff argues that as the property condemned was not the property actually occupied and used, defendant was without color of title and the defense of adverse possession was not available in any event.

We find no reason to determine whether the facts would or would not support adverse possession of defendant, as we are of the opinion that the amendment was properly allowed even if it worked to avoid the statute of limitation. (We would comment in obiter dictum that the condemnation, not having been brought against Barbara McDonald as owner, is perhaps void and would provide no color of title as would support adverse possession.)

Rule 15(c) provides specifically the conditions under which an amendment relates back. When an amendment is to a claim or defense, it relates back if it arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading except as may be provided in Rule 13(c). An amendment changing parties plaintiff relates back if the claim of the new party arose out of the same transaction, conduct or occurrence as that set forth in the original pleading, and if the defendant, within the period provided by law for commencing the action against him (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the substituted or joined party would have brought the action against him.

6 *Wright & Miller, supra* puts the sense of the rule in the following:

"As long as defendant is fully apprised of the claim arising from specified conduct and has fully prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems to be particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction or occurence set forth in the original pleading.

"The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest. As the Advisory Committee Note to the 1966 amendment to Rule 15(c) indicates, the liberal attitudes toward substitution of the real party in interest prescribed by both Rule 17(a) and Rule 15(c) are closely related."

■ Some federal courts have applied Rule 15(c) and Rule 17(a) of the Federal Rules in tandem to prevent dismissal of the

action and to allow an amendment substituting the real party in interest to relate back. *Crowder v. Gordons Transports, Inc.,* 8 Cir., 387 F.2d 413. We agree with *Wright & Miller, supra,* that the same result may be reached through Rule 17(a) without resort to Rule 15(c).

 Applying what we have said to the instant case, there is no question but that defendant had received notice of and was prepared to defend an action charging it with having taken property without compensation, trespassing upon property which it had not properly condemned and causing injury and damage to the property because of such acts. There was no change in the claim as originally filed. Defendant knew or should have known that there was a mistake in the identity of the proper party bringing the original claim. Defendant certainly determined, according to its own defensive pleading, that the original plaintiff was not the real party in interest.

It is clear that defendant was not prejudiced in any manner in its defense of the claim on its merits by the changing of party plaintiff. The original action was begun within the time for limiting suit. Defendant knew or should have known that the title to the property involved was not in the original plaintiff but in his wife. (In fact, there might have been raised an interesting question of estoppel against defendant in relation to its motion for dismissal of John McDonald as a proper plaintiff. This is in view of the fact that in the condemnation action defendant had proceeded against him as owner.) In view of the admonition of the Rules to be liberal in permitting amendments when justice requires, we find the trial court correctly permitted the amendment and that the same related back to the original pleading.

Affirmed.

BRADLEY and HOLMES, JJ., concur.