This is an appeal by appellant-All Risk Insurance Company (hereinafter referred to as All Risk) from an order of the Circuit Court of Montgomery County.
The appellant initiated the proceedings below by filing a subrogation suit in the circuit court. The complaint alleged that All Risk had been called upon to pay for damages to its insured's automobile as a result of defendant's negligence. The insurer is now attempting to recover from defendant the monies which it had to pay to its insured. The accident occurred on September 5, 1975, and the above suit was filed on April 27, 1976.
All Risk filed a motion to amend its complaint on March 28, 1977 (approximately 19 months after the accident), asking that Standard Fire Insurance Company (hereinafter Standard) be substituted in the place of All Risk as the proper plaintiff. Defendant then filed a motion to strike All Risk's motion to amend. The circuit court, after hearing oral argument, held that All Risk's amendment was allowed, but that it did not relate back to the original filing of the complaint. This action by the trial court effectively barred All Risk's complaint of negligence since more than a year had expired from the date of the accident and the filing of the amendment. Judgment was then entered for defendants and plaintiff appeals.
The question before this court is whether the trial court erred in holding that the amendment of All Risk, in which it sought to strike itself and substitute Standard as the party plaintiff, did not relate back to the time of filing the original complaint.
Rule 15 (c), ARCP, provides in pertinent part that:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13 (c). An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . ." [Emphasis supplied.]
Appellees, through able counsel, argue that the criteria as stated in part (2) of Rule 15 (c) has not been fulfilled. Appellee contends that it did not have notice, within the applicable period of limitations, that Standard was the collision carrier and, therefore, the amendment should not relate back. We disagree.
Rule 15 (c) was obviously written to protect defendants. It is to that extent that the criteria of Rule 15 (c), as relied *Page 1047 
on by appellees, applies since the rule was adopted to protectpotential defendants. The rule was designed to cover the situation where a defendant is attempted to be added. It is at that point that the inquiry as to the defendant's knowledge that he should be added is made. In this instance, his knowledge as to whether Standard should have been added as the plaintiff is irrelevant. Therefore, it is not necessary for the defendants, in this case, to have known that Standard was the proper party plaintiff.
However, it has been held that Rule 15 (c) can be applied by analogy to amendments changing plaintiffs. Board of Water Sewer Commissioners of City of Mobile v. McDonald, 56 Ala. App. 426, 322 So.2d 717 (1975).
The applicability of Rule 15 (c) to amendments seeking to add new plaintiffs is put in its proper perspective in 6 Wright Miller, Federal Practice and Procedure, § 1501, at 523-24:
 "Although Rule 15 (c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that the problem of relation back generally is easier to resolve in this context than when it is presented by a change in defendants and that the approach adopted in Rule 15 (c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs. As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the court will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading.
 "The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus, an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest. . . ."
As is evident from the record and briefs filed with this court, the appellee was fully apprised as to the claim which arose from the specified conduct (i.e., automobile accident). The claim is the same whether it is brought by All Risk or Standard. Therefore, appellee's ability to protect itself will not be prejudicially affected because the original claim remains the same. Thus, the defendant cannot invoke a limitations defense solely because a new plaintiff has been substituted, if he has not been prejudiced. This court can find no such prejudice in this case.
We further note that it has been held that an amendment adding a new party does relate back when the old and new parties have such an identity of interest so that such relation back would not be prejudicial. Williams v. United States,405 F.2d 234 (5th Cir. 1968); 3 Moore's Federal Practice, 2d ed., at 1043-45; 6 Wright Miller, Federal Practice and Procedure, at 524.
The standard which courts use in determining if an identity of interest exists, so as to allow relation back, is set out in 3 Moore's Federal Practice, footnote 11, at 1044-45:
 "Courts articulating the `dentity of interest' standard generally require a substantial relationship between the old and new parties with regard to the litigation, as well as a sufficiently analagous legal position within the lawsuit to preclude the assertion of a new cause of action. Many of these cases involve substituting or adding related corporations, . ."
After a careful review of the record, we find such an identity of interest between All Risk and Standard so as to allow the amendment to relate back. What evidence we have before us reveals that All Risk and Standard have the same employees, occupy the same office space, and the majority stockholder of All Risk is also the majority stockholder of Standard. All Risk services the policies and handles the claims on policies written through Standard. *Page 1048 
We, therefore, conclude that the amendment substituting Standard as the party plaintiff did not introduce into the case a new or different cause of action. The claim asserted, after the substitution, arose out of the conduct, transaction or occurrence set forth in the original complaint. The complaint, before and after the substitution, centered around the pivotal question of whether defendant is liable to the insurance carrier for damages it paid out to the insured due to defendant's alleged negligence. The interest is identical, in the sense that both All Risk and Standard seek to recover from defendant monies which the insurer had to pay.
Furthermore, the defendant can in no way be prejudiced by lack of notice or change in the cause of action because there has been no change and notice was given when the initial complaint was filed. The only difference is that the claim would now be brought by the real party in interest, as is required by Rule 14, ARCP. See Celanese Corp. of America v.John Clark Industries, 214 F.2d 551 (5th Cir. 1954).
Since Standard is the one who actually paid the claim of its insured, it is clear that they are the real party in interest. According to Alabama and federal cases dealing with similar situations, the amendment seeking to substitute a real party in interest should be allowed to relate back to the original filing. See Board of Water Sewer Commissioners of City ofMobile v. McDonald, supra; American Fidelity Casualty Co. v.All American Bus Lines, 190 F.2d 234 (10th Cir. 1951); 6 Wright Miller, Federal Practice and Procedure, at 524.
In summary, the amendment should relate back due to the fact the defendant had notice of the claim; the claim arose out of the same transaction or occurrence; and the identity of interest between the original and substituted plaintiff is the same. The trial court is therefore reversed and the cause remanded to the trial court.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.