This is a petition for a writ of mandamus directed to the Honorable H.E. Holladay, Judge of the Circuit Court of St. Clair County. Petitioners seek dismissal or transfer of the action based on improper venue. The writ is denied.
This action began in August 1982 with the filing of a complaint by Stephen Elton Tollison against defendants (petitioners), Jim Skinner Ford, Inc., and Ford Motor Credit Company (FMCC). The relief sought was rescission of an installment sales contract and damages for fraud and breach of warranty. The petitioners filed a motion to dismiss on the ground that neither of them did business by agent in St. Clair County, making venue improper. It was stipulated that Jim Skinner Ford did not do business by agent in St. Clair County. However, the trial court found venue to be proper and denied the motion on the ground that FMCC did conduct business in the county.
It is clear that under Rule 82 (c), Alabama Rules of Civil Procedure, the stipulation regarding Jim Skinner Ford has no effect on the proper resolution of the venue question if venue is proper as to the co-defendant, FMCC.[1] Therefore, the sole question presented is whether the trial court's determination was correct with respect to FMCC. The scope of our review of a venue determination by a writ of mandamus is to "determine whether judgment or discretion of the lower court has been abused and exercised in an arbitrary and capricious manner." ExParte Wilson, 408 So.2d 94, 96 (Ala. 1981).
Since FMCC is a foreign corporation, the applicable statute is Code of 1975, § 6-3-7, which provides in part: "A foreign corporation may be sued in any county in which it does business by agent. . . ." From review of the record, it is clear that the trial court did not abuse its discretion in finding that FMCC did business by agent in St. Clair County. The following facts support this finding. The Pell City Lincoln-Mercury dealership in St. Clair County was one of the automobile dealerships in the state with which FMCC had an ongoing business relationship. This relationship consisted of FMCC's financing the dealer's floor plan inventory and purchasing from the dealer installment sales contracts. FMCC regularly sent its agents to St. Clair County for various purposes, including the furnishing of forms to the dealer, discussion of particular problems, repossession of cars from defaulting customers for delivery of those cars to the dealer, and checking the dealer's inventory. The FMCC sales representative responsible for St. Clair County visited the Pell City dealer once or twice a month for these purposes, according to the testimony of FMCC's collection supervisor for the Birmingham office. In addition, the owner of the Pell City dealership testified that he periodically attended training sessions held by FMCC in Birmingham and that FMCC agents came to Pell City to *Page 1237 
train his employees in completing necessary paperwork.
With such evidence before it, the trial court could reasonably have found that FMCC did business in St. Clair County. That FMCC did not maintain an office in the county is not decisive, see Liberty Life Assurance Society v. Woodard,219 Ala. 24, 121 So. 30 (1929). All that need be shown is that FMCC performed some of the business functions for which it was created in the county with some degree of regularity; "isolated transactions" in the past are inconclusive. Ex Parte HarringtonManufacturing Co., 414 So.2d 74 (Ala. 1982). The activities performed by FMCC's agents in the county were sufficiently regular and relevant to FMCC's business to constitute doing business for purposes of the venue statute.
A writ of mandamus may not be granted unless there is a clear showing of error in the trial court to the injury of the petitioner, Ex Parte Harrington Manufacturing Co., supra. No such showing has been made. Accordingly, the writ of mandamus must be, and is, denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] Rule 82 (c) provides: "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties." The limitation on this rule, that a foreign corporation may never be sued in a county where it does not do business, regardless of other defendants, RolandPugh Mining Co. v. Smith, 388 So.2d 977 (Ala. 1980), is not applicable here, because Jim Skinner Ford is not shown to be a foreign corporation.