BEATTY, Justice.
Petitioner Inez Singleton seeks a writ of mandamus to the Court of Civil Appeals, directing it to dismiss the appeal in the case Alabama State Tenure Commission v. Singleton, 475 So.2d 185 (Ala.Civ.App.1984), because that court lacked jurisdiction. The writ is denied.
The following facts led to the filing of this petition:
Singleton was employed by the Greene County Board of Education (Board) as an assistant superintendent and as Federal Programs Coordinator. In May 1983, the Board abolished these two positions and transferred her to another position. After a Board hearing affirming the transfer, Singleton appealed to the Alabama State Tenure Commission (Commission), which upheld the Board’s decision. Next, Singleton petitioned the Greene County Circuit Court for a writ of mandamus directing the Commission to vacate its decision. The circuit court granted the writ on June 5, 1984.
Forty-one days after the entry of judgment by the circuit court, a notice of appeal was filed in the Court of Civil Appeals. This notice, filed on July 16,1984, designated the Board as the appealing party. On August 21, 1984, Singleton filed a motion to strike the notice of appeal or to dismiss the appeal on the ground that the Board was not a party to the judgment of the circuit court and thus could not take an appeal therefrom. In response to Singleton’s motion, the Commission filed a motion to correct the notice of appeal, claiming that the designation of the Board as the party appealing resulted from a clerical error.
Singleton filed a reply to the Commission’s motion in which she claimed that the notice “clearly and unequivocally” shows that it was the Board, and not the Commission, that intended to appeal. She points to the fact that the chairman of the Board, Carol Zippert, signed the notice, which is part of the security for costs, as the “appellant-principal,” whereas the Commission is *188 not required, as a matter of law, to post bond or otherwise give security for costs for an appeal taken by it. Following Singleton’s reply to its motion, the Commission filed another motion requesting a suspension of the rules so as to allow a substitution of parties on the notice of appeal.
The Court of Civil Appeals granted the Commission’s motion to substitute named appellants and denied Singleton’s motion to dismiss the appeal. It was not until after both parties had submitted briefs on the merits and the Court of Civil Appeals had issued an opinion reversing the circuit court’s judgment that Singleton filed this petition for a writ of mandamus to the Court of Civil Appeals. By an order issued February 21, 1985, this Court instructed “[t]hat the respondents, Hon. L. Charles Wright, Hon. Robert P. Bradley, Hon. Richard L. Holmes and the Alabama State Tenure Commission, file with the Clerk of this Court their answers to the said petition on the question of whether or not the Court of Civil Appeals obtained jurisdiction to make a substitution of the parties after 42 days from the entry of judgment, with briefs in support of said answers, within fourteen (14) days from the date of this order.” These answers, as well as petitioner’s reply thereto, were duly filed.
The first issue presented by this petition is whether this Court should grant Singleton’s motion to compel discovery of facts which are set out. in her brief to this Court in support of her petition but which were not before the Court of Civil Appeals. It is well settled in Alabama that:
“[Tjhis court is bound by the record and cannot consider a statement or evidence in brief that was not before the [court below]. Wilson v. Crosby Lumber Co., 386 So.2d 1173 (Ala.Civ.App.1980); King v. Smith, 288 Ala. 215, 259 So.2d 244 (1972). On review by mandamus, we must look at only those facts before the [court below]. See Ex parte Harrington Mfg. Co., 414 So.2d 74 (Ala.1982).” Ex parte Baker, 459 So.2d 873 (Ala.1984).
Accordingly, an order at this level compelling discovery of facts not presented below would be improper.
The primary issue on this appeal is whether or not the Court of Civil Appeals obtained jurisdiction, allowing that court to permit a substitution of the named appellant more than 42 days from the entry of judgment. Singleton contends that the court never obtained jurisdiction of the appeal because the appealing party, the Board, was not a party to the judgment. She cites Evers v. Link Enterprises, Inc., 386 So.2d 1177, 1180 (Ala.Civ.App.1980), where that court held that “[o]nly parties to a judgment may appeal from it.” Singleton further contends that because the Commission did not act to correct the notice of appeal within the prescribed period for filing, proper notice under Rule 3(c), A.R.A.P., was not filed. Rule 3(c) provides:
“The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Such designation of judgment or order shall not, however, limit the scope of appellate review.”
Rule 3 further provides:
“If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court.”
The Commission concedes that the Board was not the proper party to appeal, but contends, as it did before the Court of Civil Appeals, that the designation of the Board resulted from clerical error. In support of this contention, counsel for the Commission points out that, prior to being appointed to represent the Commission in the circuit court, he had also represented the Board against the petitioner in her appeal to the Commission. He further claims that he instructed a secretary to complete the paperwork necessary to appeal the writ *189 of mandamus issued to the Commission by the circuit court and that the secretary mistakenly appealed in the name of the Board. The Commission argues that despite this clerical error the timely filing of the notice of appeal was sufficient to invoke the jurisdiction of the Court of Civil Appeals. We agree.
Pursuant to the order of this Court, the Court of Civil Appeals filed the following answer to this petition for writ of mandamus, which this Court agrees with and adopts:
“It is our position that the filing of the Notice of Appeal within forty-two days, as provided by Rule 4, A.R.A.P., established the jurisdiction of this court. It is further our position that having jurisdiction, and being informed by motion that there had been, through clerical error in the office of counsel, a mistake in the designation of the appealing party, it was within the power of the court to permit correction nunc pro tunc by substitution of the real party appealing. It was the judgment of the court that our action was within the parameters of Rule 2(b), A.R.A.P., and certainly within the stated intent of Rule 1.
“It was clear to the court that the only party to the action below against whom judgment was entered and which had a right of appeal was the Alabama Tenure Commission. That body was the only party in interest. There was no way the interest of the opposing party could be adversely affected by permitting the correction of the record as to the real party appealing. Such correction is freely permitted in trial practice and procedure. Rule 17, A.R.Civ.P. In view of the purpose and spirit of A.R.A.P., Rule 1, a direct analogy appears proper.
“Of the three requirements of a notice of appeal stated in Rule 3, A.R.A.P., the latter two are specifically stated not to be jurisdictional, but amendable. Even the designation of the wrong appellate court is to be treated as a clerical mistake and corrected accordingly. It is the conviction of this court that the incorrect naming of the appealing party may be equally treated as a clerical error, and the real party substituted upon proper motion, even though the motion is filed more than forty-two days after judgment. The allowance of such a substitution to be discretionary, with the court considering prejudice to the adverse party.”
We agree with respondents that, in the context and posture of this case, application by analogy of the procedure of Rule 17, A.R.Civ.P., was proper under our Rule 2(b), A.R.A.P., to permit a substitution of the real party appellant more than 42 days from judgment where such substitution or amendment did not in any way change the merits of the appeal. Rule 17 provides in pertinent part:
“No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
Rule 2(b), A.R.A.P., provides, in pertinent part:
“In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its decision.”
In Board of Water and Sewer Commissioners of the City of Mobile v. McDonald, 56 Ala.App. 426, 430-31, 322 So.2d 717, 721, cert. denied, 295 Ala. 392, 322 So.2d 722 (1975), the court quoted from 6 Wright & Miller, Federal Practice and Procedure, § 1501, at 523-24 (1971):
“6 Wright & Miller, supra, puts the sense of the rule in the following:
“ ‘As long as defendant is fully apprised of the claim arising from spe *190 cified conduct and has fully prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems to be particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction or occurrence set forth in the original pleading.
“ ‘The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest. As the Advisory Committee Note to the 1966 amendment to Rule 15(c) indicates, the liberal attitudes toward substitution of the real party in interest prescribed by both Rule 17(a) and Rule 15(c) are closely related.’ ” (Emphasis added.)
The court then held as follows:
“Some federal courts have applied Rule 15(c) and Rule 17(a) of the Federal Rules in tandem to prevent dismissal of the action and to allow an amendment substituting the real party in interest to relate back. Crowder v. Gordons Transports, Inc., 8 Cir., 1967], 387 F.2d 413. We agree with Wright & Miller, supra, that the same result may be reached through Rule 17(a) without resort to Rule 15(c).
“Applying what we have said to the instant case, there is no question but that defendant had received notice of and was prepared to defend an action charging it with having taken property without compensation, trespassing upon property which it had not properly condemned and causing injury and damage to the property because of such acts. There was no change in the claim as originally filed. Defendant knew or should have known that there was a mistake in the identity of the proper party bringing the original claim. Defendant certainly determined, according to its own defensive pleading, that the original plaintiff was not the real party in interest.
It is clear that defendant was not prejudiced in any manner in its defense of the claim on its merits by the changing of party plaintiff. The original action was begun within the time for limiting suit.... In view of the admonition of the Rules to be liberal in permitting amendments when justice requires, we find the trial court correctly permitted the amendment and that the same related back to the original pleading.”
Accord, Manning v. Zapata, 350 So.2d 1045 (Ala.Civ.App.1977).
We find McDonald, supra, to be directly analogous to the case at bar, with one distinguishing factor: the McDonald case involved a change to name the real party plaintiff at trial, whereas here we are concerned with a change to name the real party appellant on appeal. In view of the primary purpose of Rule 2(b), A.R.A.P., as stated in the Committee Comments quoted below, we find this to be a distinction without a difference:
“The primary purpose of subdivision (b) is to make clear the power of the appellate court to expedite the determination of cases of pressing concern to the public or to the litigants by prescribing procedures and time schedules other than those provided by the rules_ This rule contemplates that an appellate court may relieve a litigant of the consequences of default where manifest injustice would otherwise result_” (Emphasis added.)
Mandamus is an extraordinary remedy that will not be granted unless there is a clear showing of error in the court below clearly and specifically entitling the petitioner to the relief sought. Ex parte Baker, supra; Tuscaloosa City Board of Education v. Roberts, 440 So.2d 1058 (Ala.1983); Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235 (Ala.1983). We do not think the Court of Civil Appeals *191 erred in granting the Commission’s motion for substitution, nor do we think, in doing so, it abused its discretion. Petitioner has shown no prejudice by the substitution and, therefore, has not met her burden of showing she has a clear right to relief.
For the foregoing reasons, the writ should be, and it is, hereby denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.