486 So.2d 402 (1986)
Ex parte Robert JOINER.
(In re Robert JOINER v. WESTBROOK AND ASSOCIATES, INC., a Georgia corporation, and Champion Insurance Company, an Alabama corporation).
85-136.
Supreme Court of Alabama.
February 21, 1986.
Rehearing Denied March 31, 1986.
*403 John A. Tinney, Roanoke, and Fred D. Gray of Gray, Langford, Sapp, Davis & McGowen, Tuskegee, for petitioners.
Jacob A. Walker, Jr., of Walker, Hill, Adams, Umbach, Herndon & Dean and John V. Denson of Samford, Denson, Horsley, Pettey, Martin & Barrett, Opelika, for respondent Westbrook.
T. Kent Garrett of Rushton, Stakely, Johnston & Garrett, Montgomery, for respondent Champion.
SHORES, Justice.
This is a petition for a writ of mandamus directed to Judge Dale Segrest of the Circuit Court of Macon County. We grant the writ.
On July 8, 1985, Robert Joiner filed an action in Macon County against Westbrook and Associates, Inc. (Westbrook), and Champion Insurance Company (Champion), alleging fraud, misrepresentation, and deceit. Joiner had leased an automobile insured by Champion, and Westbrook had acted as the claims adjuster when Joiner damaged the car in an accident. Westbrook is a Georgia corporation with an office located in Lee County. Champion is a domestic corporation with principal offices in Jefferson County and does business by agent in Randolph County. The accident occurred in Randolph County, where Joiner resides.
Both Westbrook and Champion filed a motion to dismiss or, alternatively, a motion to transfer the case to Lee County. On September 26, 1985, Joiner sought to amend his complaint to add as a party defendant Ford Motor Credit Company, a foreign corporation allegedly doing business in Macon County. That same day, Judge Segrest heard arguments on the defendants' motions and entered an order transferring the case to Lee County. Consequently, Judge Segrest dismissed Joiner's amended complaint as being filed in an improper venue. Joiner now petitions this Court for a writ of mandamus, asking that we direct the trial judge to vacate his transfer order.
Proper venue is determined in accordance with the Alabama Constitution, statutes, Rules of Civil Procedure, and caselaw. The Ala. Const. 1901, Art. XII, § 232, provides that a foreign corporation "may be sued in any county where it does business, by service of process upon an agent anywhere in the state." Section 232 is not permissive but self-executing, mandatory, and restrictive. Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). According to Code 1975, § 6-3-7, a "foreign corporation may be sued in any county in which it does business by agent." A corporation "does business" in the county if it performs there, with some degree of regularity, some of the business functions for which it was created. Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235 (Ala. 1983). "It is not necessary, however, for a corporation to have an agent physically present and conducting business in a county for venue to be proper there." Ex parte Reliance Ins. Co., 484 So.2d 414 (Ala.1986). See also, Ex parte Snoddy, 487 So.2d 860 (Ala.1986). Furthermore, there is no authority in this state allowing a change of venue for the convenience of the parties, the witnesses, or the court, which is permitted in federal courts under the doctrine of "forum non conveniens." Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978).
*404 Rule 82(c), Ala.R.Civ.P., provides: "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." See Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980); Ex parte Jackson, 485 So.2d 1116 (Ala.1986).
This Court's review of a venue determination by petition for writ of mandamus is to determine whether the trial court abused its discretion and exercised its judgment in an arbitrary and capricious manner. Ex parte Wilson, 408 So.2d 94 (Ala.1981).
Because the activities of Westbrook, the foreign corporation, alone determine the proper venue in this case, we must examine whether Westbrook was "doing business" in Macon County. Westbrook describes these acts in its answer to Joiner's petition:
"To summarize the activity of Respondent Westbrook, one can readily determine from the Exhibits that an agent with Respondent Westbrook was in Macon County, Alabama for one to one and one-half hours on January 29, 1985 ...; Respondent Westbrook was again in Macon County, Alabama for one hour on March 4, 1985 ...; finally, Respondent Westbrook was in Macon County, Alabama on June 21, 1985 for a total of four and one-half hours doing field work, i.e., inspecting cars, taking photographs, etc."
Also in its answer, Westbrook recounts a number of telephone calls in the course of its business to and from various offices and people in Macon County.
These activities are sufficient to constitute "doing business" for purposes of determining venue. These transactions involved some of the business functions for which Westbrook was created, and Westbrook performed these acts in Macon County with some degree of regularity. Westbrook was not required for venue purposes to have an agent physically present in the county on a regular basis; it is sufficient in this case that an agent made several on-site examinations in Macon County and that a number of telephone calls were made to and from there in the course of business. Although another county may have been more convenient for the parties, transferring on that basis is contrary to the law of this state. Because Macon County is a proper venue for an action against Westbrook, it is an equally proper venue for Champion in this case. The trial judge erred in transferring the case to Lee County. Consequently, we grant the writ of mandamus to direct Judge Segrest to vacate his transfer order.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., dissents.
ALMON, J., not sitting.
HOUSTON, Justice (dissenting).
This case has no connection with Macon County, except that the plaintiff chose to file suit there. The plaintiff was born and reared in Randolph County and resided there at the time suit was filed. None of the acts relating to the cause of action stated in the complaint occurred in Macon County. Neither defendant had an office or an employee or agent residing in Macon County at any time. One defendant is an Alabama corporation with an office and employees and agents who reside in Randolph County. The other defendant is a Georgia corporation with an office and employees and agents who reside in Lee County, Alabama.
This Court in Ex Parte Jim Skinner Ford, Inc., 435 So.2d 1235 (Ala.1983), wrote: "The scope of our review of a venue determination by a writ of mandamus is to `determine whether judgment or discretion of the lower court has been abused and exercised in an arbitrary and capricious manner.' Ex parte Wilson, 408 So.2d 94, 96 (Ala.1981)."
The majority holds that the trial court has acted in an arbitrary and capricious manner in granting the defendants' motion *405 to transfer the case to Lee County. I cannot concur with this.
This Court has held that for venue to be proper as to a foreign corporation qualified to do business by agent in Alabama, the corporation "must have been doing business by agent in that county at the time suit was filed." Ex parte McGugin, 423 So.2d 1367 (Ala.1982).
The evidence before the trial court showed that the Georgia corporation had at the most a very minimal contact with Macon County prior to the time suit was filed. (An agent of the Georgia corporation was physically in Macon County driving on the public highways and doing investigative work for one and one-half hours on January 29, 1985; one hour on March 4, 1985; and four and one-half hours on June 21, 1985. The Georgia corporation owned no property in Macon County.) There was no evidence of the Georgia corporation's doing business in Macon County at any time after June 21, 1985. Suit was filed on July 8, 1985. Therefore, I cannot hold that the judgment or discretion of the trial court has been abused and exercised in an arbitrary and capricious manner in transferring this case to Lee County, in which the Georgia corporation was doing business by agent when the suit was filed. This Court has made the law very clear that a foreign corporation can only be sued in a county in which it is doing business at the time suit is filed, and this question must be judged independently of the proper venue as to the other defendants. Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980). The trial court transferred the case to a county, Lee, in which venue was proper as to all of the defendants.
After the trial court ruled on the venue question and transferred the case to Lee County, the petitioner sought to add a new party. This was not a substitution of a discovered party for a fictitious party, but adding a new defendant. The trial court did not abuse its judgment or discretion or exercise it in an arbitrary and capricious manner in not permitting the plaintiff to amend the complaint by adding a new party in Macon County after the trial court had ruled that venue was improper and that the case should be transferred to Lee County.
I would deny the writ.