This case has no connection with Macon County, except that the plaintiff chose to file suit there. The plaintiff was born and reared in Randolph County and resided there at the time suit was filed. None of the acts relating to the cause of action stated in the complaint occurred in Macon County. Neither defendant had an office or an employee or agent residing in Macon County at any time. One defendant is an Alabama corporation with an office and employees and agents who reside in Randolph County. The other defendant is a Georgia corporation with an office and employees and agents who reside in Lee County, Alabama.
This Court in Ex Parte Jim Skinner Ford, Inc., 435 So.2d 1235
(Ala. 1983), wrote: "The scope of our review of a venue determination by a writ of mandamus is to `determine whether judgment or discretion of the lower court has been abused and exercised in an arbitrary and capricious manner.' Ex parteWilson, 408 So.2d 94, 96 (Ala. 1981)."
The majority holds that the trial court has acted in an arbitrary and capricious manner in granting the defendants' motion *Page 405 
to transfer the case to Lee County. I cannot concur with this.
This Court has held that for venue to be proper as to a foreign corporation qualified to do business by agent in Alabama, the corporation "must have been doing business by agent in that county at the time suit was filed." Ex parteMcGugin, 423 So.2d 1367 (Ala. 1982).
The evidence before the trial court showed that the Georgia corporation had at the most a very minimal contact with Macon County prior to the time suit was filed. (An agent of the Georgia corporation was physically in Macon County driving on the public highways and doing investigative work for one and one-half hours on January 29, 1985; one hour on March 4, 1985; and four and one-half hours on June 21, 1985. The Georgia corporation owned no property in Macon County.) There was no evidence of the Georgia corporation's doing business in Macon County at any time after June 21, 1985. Suit was filed on July 8, 1985. Therefore, I cannot hold that the judgment or discretion of the trial court has been abused and exercised in an arbitrary and capricious manner in transferring this case to Lee County, in which the Georgia corporation was doing business by agent when the suit was filed. This Court has made the law very clear that a foreign corporation can only be sued in a county in which it is doing business at the time suit is filed, and this question must be judged independently of the proper venue as to the other defendants. Roland Pugh Mining Co. v.Smith, 388 So.2d 977 (Ala. 1980). The trial court transferred the case to a county, Lee, in which venue was proper as to all of the defendants.
After the trial court ruled on the venue question and transferred the case to Lee County, the petitioner sought to add a new party. This was not a substitution of a discovered party for a fictitious party, but adding a new defendant. The trial court did not abuse its judgment or discretion or exercise it in an arbitrary and capricious manner in not permitting the plaintiff to amend the complaint by adding a new party in Macon County after the trial court had ruled that venue was improper and that the case should be transferred to Lee County.
I would deny the writ.