This is a case concerning the period of redemption from a foreclosure sale.
The operative facts are as follows: Jack R. Garrison purchased the subject property in 1983. In 1985, Garrison executed a real estate mortgage to the Colonial Bank of North Alabama, now known as Colonial Bank (Bank). Garrison defaulted in his payments to the Bank. Thereafter, the Bank offered for sale and did sell the subject property at public outcry. The Bank was the highest bidder and purchased the subject property at the foreclosure sale held on May 31, 1990.
The foreclosure deed to the Bank was dated May 31, 1990, and was filed for record on June 1, 1990. The legal description contained in the foreclosure deed contained an error. A corrective foreclosure deed was prepared and executed for the purpose of correcting the legal description in the foreclosure deed. The corrective foreclosure deed was dated October 10, 1990, and was filed for record on October 16, 1990.
Larry Calvin Dickerson and Pamela Lynn Dickerson, husband and wife, acquired title to the subject property by warranty deed from the Bank dated October 12, 1990, and filed for record on October 16, 1990.
On June 14, 1991, the Dickersons filed a complaint to quiet title to the land and a proceeding in rem to establish title to the land. The Dickersons named Garrison and the Bank as defendants.
In his amended answer, Garrison asserted, as an affirmative defense, that he had a right of redemption that would not expire until October 16, 1991, and that he intended to exercise his right of redemption.
The Dickersons filed a motion for summary judgment. The trial court entered a summary judgment in favor of the Dickersons, finding that the foreclosure sale occurred on May 31, 1990, and that after June 1, 1991, the period of redemption had run.
Garrison appeals. This court has jurisdiction of this case pursuant to Ala. Code 1975, § 12-2-7(6). We affirm.
The dispositive issue is when did the period of redemption expire.
Initially, we note that all parties agree that the terms of the real estate mortgage from Garrison to the Bank provided that, in case of default of the payment, the Bank was authorized and empowered to sell the property at public outcry to the highest bidder. Further, the terms of the real estate mortgage provided that the Bank (or any person conducting the sale on behalf of the Bank) was authorized to execute title to the purchaser at the foreclosure sale. Under these same terms, the Bank could bid at the sale and purchase the property, if it was the highest bidder.
Garrison does not take issue with the terms of the real estate mortgage he executed to the Bank, nor does he contend that the Bank failed to comply with these terms or that there was not a valid foreclosure sale. Instead, he argues that the foreclosure process was not completed until the corrective foreclosure deed was filed for record on October 16, 1990, and that the one-year redemption period was extended until that time.
Ala. Code 1975, § 6-5-248(b), provides:
 "All persons named or enumerated in subdivisions (a)(1) through (a)(7) may exercise the right of redemption granted by this article within one year from the date of the sale."
(Emphasis added.)
Ala. Code 1975, § 6-5-247, provides, in pertinent part: *Page 257 
 "Unless the context otherwise requires, the words defined in this section shall have the following meanings when found in this article:
 "(1) SALE or SOLD. Any execution, judgment, or foreclosure sale, whether the sale is made under any power of sale in any mortgage or deed of trust or statutory power of sale, or by virtue of any judgment in any court of competent jurisdiction."
(Emphasis added.)
In the instant case, the "foreclosure sale," as authorized in the real estate mortgage from Garrison to the Bank, took place on May 31, 1990. Pursuant to § 6-5-248(b), the one-year right of redemption expired June 1, 1991. To hold otherwise in this case, where the corrective deed merely rectified a technical error in the legal description of the subject property, would allow technical errors in deeds to prevent the one-year right of redemption from commencing to run from the date of the foreclosure sale as mandated by § 6-5-247 and its definition of "sale."
Stated another way, § 6-5-247 defines sale as foreclosuresale. Section 6-5-248(b) states that the period of redemption begins from the date of sale. The foreclosure sale in the instant case took place on May 31, 1990. Hence, under the facts of this case, the one-year period of redemption expired on June 1, 1991.
In view of the above, the judgment of the trial court in favor of the Dickersons is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.