YATES, Judge.
This is an appeal from an order granting a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss a complaint for failure to state a claim upon which relief could be granted.
In his complaint, James E. Reeves, Jr., averred that he had hired Larry Waites to represent his daughter in a criminal ease pending in the circuit court and had paid Waites $10,000 for the representation. Waites failed to appear in court on three separate occasions, and his services were ultimately terminated. Waites refused to return any of the money or to give Reeves an accounting of the hours he had spent on the case. Reeves amended his complaint, to seek damages under § 6-5-572, Ala.Code 1975, the Legal Services Liability Act.
“[The Legal Services Liability Act] embraces all claims for injuries or damage, whether based in contract or in tort. It is clear that the Legislature intended for a legal services liability action to include ‘any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.’ § 6-5-572(1).”
Turner v. Barnes, 687 So.2d 197, 198 (Ala.1997). Waites moved to dismiss; the trial court granted the motion and dismissed the case without comment. Reeves appeals.
“It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978).
“Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, this court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982).”
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985).
Reeves’s complaint states a cause of action upon which relief “could” be granted. We conclude, therefore, that the court erred in dismissing the complaint. The court’s judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
CRAWLEY and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.
MONROE, J., not sitting.