PITTMAN, Judge.
This appeal arises out of a dispute over a statutory right of redemption and the doctrine of relation back. The trial court determined that a proposed amendment to a complaint did not relate back to the date of the original filing of the complaint and it granted the defendants’ motion to dismiss the complaint. We hold that the amendment properly related back to the date of the original fifing, thus, the trial court improperly granted the defendants’ motion to dismiss. We reverse and remand.
In its order the trial court specifically found that Edwina Horn and Ray Horn owned real property that they mortgaged to the First National Bank of Brundidge (hereinafter “the Bank”). According to the trial court’s specific findings of fact contained in its order, the Horns thereafter defaulted on their mortgage payments and, on November 24, 1998, the Bank foreclosed on the mortgage. On November 24, 1998, Charles L. Clay and Martha Jeanette Tyler Clay purchased the property and divided the title to that property between two revocable trusts. On November 8, 1999, the Horns transferred their respective rights of redemption to Peacock Timber Transport, Inc. (hereinafter “PTT”). The trial court stated in its order that PTT had the sole and exclusive right of redemption to the property and that no individual, unless he clearly designated in writing that he was acting as an officer or agent of PTT and not in his individual capacity, had the right of redemption. On November 12, 1999, PTT, through its agent, Wendy Ward, gave notice to the Clays that PTT intended to exercise its right of redemption. However, on November 24, 1999, a complaint to redeem real property was filed by Tommy Peacock; it carried the style “Edwina Horn and Tommy Peacock v. Charles L. Clay Revocable Trust, Martha Jeanette Tyler Clay Revocable Trust and Charles L. Clay and Jeanette T. Clay, and fictitious parties, A, B, C, D, Defendants.” (Emphasis added.)
The Clays argued before the trial court that the complaint filed on November 24, 1999, to redeem real property was fatally late. See § 6-5-247, Ala.Code 1975 (stating that the right of redemption may be exercised within one year of the date of the sale). The trial court determined, instead, that the complaint had been timely filed — albeit on the very last day within the statutory period. See Garrison v. Dickerson, 631 So.2d 255 (Ala.Civ.App.1993).
The trial court noted that Tommy Peacock fisted himself, in his individual capacity, as the plaintiff in the complaint, and in that document he alleged that Edwina Horn had assigned her right of redemption and any interest she owned in the subject property to Peacock, individually. The *35 trial court determined that Edwina Horn had no standing to sue, and it granted the Clays’ motion to dismiss her as a plaintiff to that action.
The Clays filed a second motion to dismiss (the motion that is the subject of this appeal), under Rule 12(b)(6), Ala. R. Civ. P., for failure to state a claim upon which relief may be granted. They argued that Edwina Horn had transferred her right of redemption to PTT, not to Peacock in his individual capacity. The trial court granted this second motion to dismiss, on the basis that Peacock, in his individual capacity, did not have standing to sue, because the trial court concluded that PTT,' not Peacock, had been assigned the right of redemption from Edwina Horn.
The trial court also noted that on February 17, 2000, Edwina Horn and Peacock’s trial counsel filed a motion to amend, seeking to add PTT as a plaintiff and to clarify an allegation — that Edwina Horn’s assignment of the right of redemption was to PTT, not to Peacock, individually. On February 24, 2000, the trial court granted the motion to amend; however, it later determined, upon a review of all of the evidence, that the amendment had come too late — one year and three months after the foreclosure. See § 6-5-248(b). Peacock argued before the trial court that his proposed amendment related back to the date the complaint was originally filed (November 24, 1999), but the trial court held, instead, relying on Manning v. Zapata, 350 So.2d 1045 (Ala.Civ.App.1977), that because no fictitious plaintiffs were listed in the original complaint, Peacock would have to prove some identity of interest and a sufficiently analogous legal position between the previously listed parties and the proposed new party before the doctrine of relation back could be implicated. The trial court eventually determined that although Peacock is the only owner, or at least the principal owner of all of the stock in PTT, no such identity of interest existed between Peacock and PTT. See Russell v. Birmingham Oxygen Serv., Inc., 408 So.2d 90 (Ala.1981) (holding that a corporation has the power to sue and be sued in its corporate name); see also § 10-2B-3.02(1), Ala.Code 1975 (stating the same). The trial court noted that the original complaint had made no assertion that Peacock was suing in any manner other than as an individual (to exercise a right of redemption that belonged instead to PTT). It concluded that PTT, alone, held the statutory right of redemption to the property and that,-because the amendment adding PTT as a plaintiff did not relate back, the period for exercising the right of redemption had lapsed. See § 6-5-248(b), Ala. Code 1975.
Furthermore, the trial court noted that under § 6-5-252, Ala.Code 1975, anyone entitled to redeem property may make a written demand of the purchaser or his transferees for a statement of debt and all lawful charges claimed, and that that demand must be complied with within 10 days. If the purchaser or transferee fails to respond, he forfeits all claims or rights to compensation for improvements and the redeeming party has 10 days in which to file a complaint without tender (however, tender must be made, or a lawsuit must be instituted, within one year from the date of foreclosure). The trial court noted that although PTT had sent the Clays a notice of intent to redeem, PTT had not filed a complaint within 10 days after it made its demand on the Clays and, further, had not sued within one year after the foreclosure. The trial court subsequently denied Peacock’s motion to alter, amend, or vacate its previous judgment.
Peacock raises two issues on appeal:
*36 1. Whether the trial court erred in granting the Clays’ motion to dismiss for lack of standing; and,
2. whether the trial court misapplied the law regarding “standing,” “identity of interest,” and the relation-back principle.
Essentially these two issues are interconnected, because Peacock contends that in granting the second motion to dismiss the trial court erred in applying the law regarding standing, identity of interest, and relation-back. Therefore, we will consider the issues together.
Peacock specifically argues that he has a legally protectable interest at stake in this case because, he says, as the president and sole shareholder of PTT, he acts in a representative capacity for PTT and he acquired the redemption rights from the Horns through PTT; thus, he says, the trial court erred in determining that he did not have standing to file this action. Additionally, Peacock argues that he and PTT share an identity of interest because the business activities of each affects the other. He also argues that, in compliance with the mandates of Rule 17, Ala. R. Civ. P. (regarding real parties in interest), the Clays were fully apprised of the claim against them and were not hindered by the attempted substitution of PTT for Peacock as a plaintiff. Peacock also suggests that the combined circumstances regarding his relationship with PTT (Peacock argues that he, as a shareholder, is the alter ego of PTT; that he owns all of PTT’s stock; and that the corporate form should be set aside to prevent injustice or inequitable consequences) justify a “piercing of PTT’s corporate veil” to allow him to amend his complaint to substitute PTT for himself.
We need not reach most of Peacock’s specific contentions, because we hold that the amendment properly related back to the date of the original filing of the complaint. This Court stated in Reeves v. Waites, 727 So.2d 822 (Ala.Civ.App.1998):
“It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978).
“ Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, this court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982).’
“Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985).”
Reeves, 727 So.2d at 823.
In Board of Water & Sewer Comm’rs of the City of Mobile v. McDonald, 56 Ala.App. 426, 322 So.2d 717 (Ala.Civ.App.1975), this court was confronted with a similar situation. In that case, Mr. McDonald filed an action against the Board; the action should have been filed by his *37 wife, Mrs. McDonald, the real party in interest. This court wrote:
“With the principle clearly in mind that amendments are to be allowed as justice requires, regardless of the common law prohibition as to changes in causes of action or complete change of parties, we look further in this case to Rule 15(c)[, Ala. R. Civ. P.,] which, as pertinent, is as follows:
“ ‘Relation Back of Amendments.— Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13(c) [regarding counterclaims exceeding recovery of cross-claims]. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in. by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.’
“Though Rule 15(c) as it reads applies to amendments] affecting defendants, it has been held that it is to be applied by analogy to amendments changing plaintiffs. 6 Wright & Miller, Federal Practice and Procedure, § 1501. [Yorden] v. Flaste, D.C. Del.1974, 374 F.Supp. 516.
[[Image here]]
‘We find no reason to determine whether the facts would or would not support adverse possession of defendant, as we are of the opinion that the amendment was properly allowed even if it worked to avoid the statute of limitation ....
[[Image here]]
“6 Wright & Miller, supra, puts the sense of the rule in the following:
“‘As long as defendant is fully apprised of the claim arising from specified conduct and has fully prepared to defend the action against him, his ability to protect himself will not be prej-udicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems to be particularly sound inasmuch as the courts will require the ' scope of the amended pleading to stay within the ambit of the conduct, transaction or occurrence set forth in the original pleading.
“‘The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest....
[[Image here]]
“Applying what we have said to the instant case, there is no question ... that [the Board] had received notice of and was prepared to defend an action charging it with having taken property "without compensation, trespassing upon property which it had not properly condemned and causing injury and damage to the property because of such acts. There was no' change in the claim as originally, filed. [The Board] knew or should have known that there was a mistake in the identity of" the proper party bringing the original claim. [The Board] certainly determined, according *38 to its own defensive pleading, that [Mr. McDonald] was not the real party in interest.
“It is clear that [the Board] was not prejudiced in any manner in its defense of the claim on its merits by the changing of [the] party plaintiff. The original action was begun within the [limitations period]. [The Board] knew or should have known that the title to the property involved was not in the original plaintiff but in his wife.... In view of the admonition of the Rules to be liberal in permitting amendments when justice requires, we find the trial court correctly permitted the amendment and that [it] related back to [the date of filing] the original pleading.”
McDonald, 56 Ala.App. at 429-31, 322 So.2d at 721-22.
The facts suggested by the evidence in the record indicate that the amendment should have been held to relate back to the date the original complaint was filed, so as to allow Peacock to add PTT as a plaintiff. The circumstances serving as the basis of both the original complaint and the amended complaint arose out of the same transaction — an attempted exercise by Peacock or PTT of the right to redeem the property held by the Clays. The complaint was filed within the one-year statutory period allowed for redemption. See § 6-5-248(b). Through the timely filing of Peacock’s original complaint, the Clays received notice of the claim against them; thus, they cannot fairly argue that they were prejudiced in maintaining their defense. The addition of PTT as a plaintiff would not inhibit the Clays in the presentation of their defense. Although the original complaint was filed in the name of the wrong plaintiff, the Clays should have known that, but for the mistake concerning the identity of the correct plaintiff, the action would have been filed against them. See Rule 15(c), Ala. R. Civ. P. Furthermore, PTT — which properly held the right of redemption — is the real party in interest. See Board of Water & Sewer Comm’rs, supra, citing Wright & Miller. Thus, the court should have held that the proposed amendment related back to the date of the filing of the original complaint. The court improperly granted the Clays’ second motion to dismiss.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, J„ concur.
THOMPSON and MURDOCK, JJ„ concur in the result.