This is an expedited appeal filed by Sharon English, d/b/a English Pub (hereinafter referred to as "The Pub"), after the trial court granted a permanent injunction against the operation of The Pub, and after the trial court denied The Pub's motion to alter, amend, or vacate the injunction. The injunction was granted because the trial court found that The Pub was a known "drug hangout" and that its operation constituted a nuisance. The Pub appeals, contending that the action, which was brought pursuant to § 6-5-122, Code of Alabama 1975, was not filed by the appropriate parties and, therefore, that the judgment cannot stand. Section 6-5-122
states:
 "All municipalities in the state of Alabama may commence an action in the name of the city to abate or enjoin any public nuisance injurious to the health, morals, comfort or welfare of the community or any portion thereof."
(Emphasis added.) Because the cause of action was filed by the district attorney for the Thirteenth Judicial Circuit of Alabama, "in the name of the State on the relation of the Sheriff," instead of being filed by the municipality, The Pub contends that the trial court erred in granting the injunction. The Pub further argues that the trial court did not err in refusing to grant the plaintiff leave to amend its complaint to add the municipality as a party plaintiff after judgment had already been entered in favor of the plaintiff. The State argues that the refusal was error.
First, we must consider whether the trial court erred in refusing to allow the amendment to the complaint. We have held that the decision whether to allow an amendment is within the sound discretion of the trial court and that that court's ruling will not be reversed except for an abuse of discretion. See Pruitt v. Meadows, 393 So.2d 986 (Ala. 1981). In the present case, the amendment was not proposed until after a judgment in the case had been entered; however, The Pub already had notice of the complaint against it and would not have been prejudiced by the court's allowing the amendment.
Among other things, Rules 15(b) and (c), Ala.R.Civ.P., provide as follows:
 "(b) Amendments to conform to the evidence. . . . . Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . .
 "(c) Relation back of amendments. . . . . An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . ."
The Court of Civil Appeals said in Manning v. Zapata,350 So.2d 1045, 1046-47 (Ala.Civ.App. 1977):
 "Rule 15(c) was obviously written to protect defendants. It is to that extent that the criteria of Rule 15(c), as relied on by appellees, [apply] since the rule was adopted to protect potential defendants. The rule was designed to cover the situation where a defendant is attempted to be added. It is at that point that the inquiry as to the defendant's knowledge that he should be added is made. In this instance, his knowledge as to whether Standard [the additional plaintiff] should have been added as the plaintiff is irrelevant. Therefore, it is not necessary for the defendants, in this *Page 912 
case, to have known that Standard was the proper party plaintiff.
 "However, it has been held that Rule 15(c) can be applied by analogy to amendments changing plaintiffs. Board of Water Sewer Commissioners of City of Mobile v. McDonald, 56 Ala. App. 426, 322 So.2d 717 (1975).
 "The applicability of Rule 15(c) to amendments seeking to add new plaintiffs is put in its proper perspective in 6 Wright Miller, Federal Practice and Procedure, § 1501, at 523-24:
 " 'Although Rule 15(c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that the problem of relation back generally is easier to resolve in this context than when it is presented by a change in defendants and that the approach adopted in Rule 15(c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs. As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. This seems particularly sound, inasmuch as the court will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading.
 " 'The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus, an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest. . . .'
 "As is evident from the record and briefs filed with this court, the appellee was fully apprised as to the claim which arose from the specified conduct (i.e., automobile accident). The claim is the same whether it is brought by All Risk or Standard. Therefore, appellee's ability to protect itself will not be prejudicially affected because the original claim remains the same. Thus, the defendant cannot invoke a limitations defense solely because a new plaintiff has been substituted, if he has not been prejudiced. This court can find no such prejudice in this case."
(Emphasis in original.) We hold that the amendment adding the City of Mobile as a party plaintiff to the case at bar should have been allowed, because The Pub had notice of the claims against it and the allowance of the amendment in no way would have prejudiced The Pub. In holding that the amendment should have been allowed, we hold that the argument set forth by The Pub, i.e., that the judgment against it cannot stand because the cause of action was brought by an improper party, is without merit. We note that prior to the release of this opinion, the parties had filed a joint motion to dismiss. That motion is denied, and the judgment is hereby affirmed.
MOTION TO DISMISS DENIED; AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.