**UNITED STATES of America, Plaintiff–Appellee,**

v.

**$270,000.00, IN UNITED STATES CURRENCY, PLUS INTEREST, seized from the First Federal of Seminole Bank, etc., safe deposit box number 1–0–6 registered to Jeffrey Scott Boetto, Defendants,**

**Jeffrey Scott Boetto, Claimant–Appellant.**

No. 92–2175.

United States Court of Appeals, Eleventh Circuit.

Sept. 14, 1993.

James M. Russ, Orlando, FL, for claimant-appellant.

Gregory N. Miller, Asst. U.S. Atty., AUSA, Orlando, FL, for plaintiff-appellee.

Before EDMONDSON and BLACK, Circuit Judges, and MELTON\*, Senior District Judge.

PER CURIAM:

This appeal requires us to resolve the outcome of conflicting state and federal forfei-

---

\* Honorable Howell W. Melton, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

ture actions that created a dispute over whether the state court or the federal district court has jurisdiction over the $270,000 (the res). There is no dispute that the state court first assumed jurisdiction over the res. The question presented is when the state court's jurisdiction ended. We hold that the federal court improperly asserted jurisdiction while the res was still under the state court's initial and exclusive jurisdiction, and we direct the federal court to return the res to the state court.[1]

## I. BACKGROUND

A state search warrant was issued for Claimant–Appellant Jeffrey Scott Boetto's residence as a result of an undercover investigation of Boetto for drug trafficking. The search of Boetto's residence yielded, among other things, two safe deposit box keys. On September 4, 1987, a search of one of the safe deposit boxes, pursuant to another state search warrant, yielded the res. The county sheriff took physical possession of the res.

Boetto was subsequently charged with violating Florida and U.S. drug laws. After joint negotiations with federal and state authorities, and pursuant to a January 1988 joint plea agreement, Boetto pled guilty to cocaine charges in both state and federal courts.

When forfeiture settlement talks failed, forfeiture actions were filed in both courts. Boetto's residence was forfeited in federal court. The state court forfeiture action encompassed the res and other items seized in the search of his residence. After an evidentiary hearing on a defense motion to suppress evidence seized from the safe deposit box, the state court ordered the evidence suppressed on the grounds that the affidavit upon which the search warrant was issued was insufficient to support a finding of probable cause. On July 14, 1989, the state court entered a partial final order that dismissed the action against the res, but failed to direct its disposition. An appeal was taken, but on August 29, 1989, a notice of voluntary dismissal was filed. The state court of appeals granted the dismissal the next day. On Sep-

tember 1, 1989, Boetto filed a motion for return of the res in state court.

The morning of August 29, the same day that the state filed its notice of voluntary dismissal, state and federal law enforcement agents informally transferred the res from state hands to federal hands. Later that afternoon, the United States filed its forfeiture complaint in federal district court, and the clerk of the federal district court issued a warrant of arrest in rem. A U.S. marshal executed the warrant on September 1, 1989.

On September 6, Boetto filed a motion to quash the federal arrest warrant and return the res to state court. The district court denied that motion on September 21, with a written notation that the federal court had concurrent jurisdiction over the res.

In the meantime, on September 19, 1989, *nunc pro tunc* July 14, 1989, the state court granted Boetto's motion to return the res to him, entered final judgment in favor of Boetto, and ordered the sheriff to retrieve the res from the U.S. marshal. The state court order to surrender the res to the state was served on the U.S. Marshals Service on September 21, 1989, which refused to comply.

On September 25, 1989, the federal district court issued a protective order and enjoined enforcement of the state court order on the basis that the federal court had exclusive jurisdiction over the res. In October 1989, the district court rejected Boetto's motion to dismiss, reasoning that, because the state circuit court had dismissed the forfeiture action and the appeal had been voluntarily dismissed, the state court did not need the res in order to proceed. After a bench trial, the district court ordered the res forfeited, but stayed execution of the order. This appeal followed.

## II. DISCUSSION

■ A state court and a federal court cannot simultaneously exercise in rem jurisdiction over the same property. The Supreme Court has long recognized that a court's in rem jurisdiction must be exclusive: "To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and

---

1. Due to this disposition of the case, we do not reach the other issues raised on appeal.

to protect the judicial processes of the court first assuming jurisdiction, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Commonwealth*, 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935) (citations omitted); *see also Kline v. Burke Construction Co.*, 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922) ("[W]here the [in.rem] jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.").

■ The United States argues, and the district court agreed, that the state court's jurisdiction ended when the state court of appeals granted the motion to voluntarily dismiss the appeal from the trial court's partial final order dismissing the action against the res. The United States further contends that any additional action required to dispose of the property was purely ministerial, thus apparently divesting the state courts of continued jurisdiction. We do not agree.

■ Disposition of the property is an integral part of the court's ability to grant the relief sought in the proceedings. Thus, in rem jurisdiction must encompass the right of the court originally asserting jurisdiction to control *and* dispose of the property. *See, e.g., Penn General*, 294 U.S. at 195, 55 S.Ct. at 389 (in rem action requires the court to have possession or control of the property "in order to proceed with the cause and to grant the relief sought"). The United States asserts that the relief was granted when the state trial court ordered the evidence suppressed. At that time, however, no disposition of the res was ordered. Under Florida law, "the court acquiring original jurisdiction is competent to hear and determine all questions respecting title, possession, and control

of the property." *Garmire v. Red Lake*, 265 So.2d 2, 4 (Fla.1972) (quoting *Adams v. Burns*, 126 Fla. 685, 695, 172 So. 75, 79 (1936)). Once jurisdiction is acquired, property in the court's custody "remain[s] there, by operation of law, until it is withdrawn by order of a competent court." *Adams*, 126 Fla. at 695, 172 So. at 79.

The Florida Contraband Forfeiture Act, under which the state brought its forfeiture action, gives the state circuit court jurisdiction over property seized for forfeiture.[2] Fla.Stat. § 932.704; *see also Department of Law Enforcement v. Real Property*, 588 So.2d 957 (Fla.1991) (upholding constitutionality of the Florida Contraband Forfeiture Act if it is applied consistent with the due process requirements set forth in the opinion). Under the statutory scheme, the court must enter a "final order of forfeiture," or otherwise direct disposition of the property. § 932.704(1), (3)(b).

Although the statute does not establish a procedure for return of improperly seized property, or for disposal of property attendant to an appeal, consistent interpretation of the statute and Florida case law leads inexorably to the conclusion that property in a court's custody subject to forfeiture proceedings can only be disposed of by a final court order that directs its disposition. *See Department of Law Enforcement v. Real Property*, 588 So.2d at 968 (upon a forfeiture verdict, the court shall issue a final order of forfeiture disposing of the property in accordance with law). The original property owner's motion to return the res is a recognized procedure in Florida case law. *Cf. Sawyer v. Gable*, 400 So.2d 992, 994 (Fla.3d DCA 1981) (section 933.14, providing for return of property seized under a search warrant, does not provide statutory mechanism for motion seeking return of property, but implicit in the court's authority to order the property returned is "the right of the person from whom it was seized to move for its return").

---

**2.** Florida law also provides that the circuit court judge may order a return of property seized under a warrant not supported by probable cause. Fla.Stat. § 933.14(1). Further, judges in the state's criminal division of the circuit courts also have inherent power to direct the return of property, including property seized without a warrant, in criminal actions. *E.g., Garmire v. Red Lake*, 265 So.2d 2, 5 (Fla.1972); *Sawyer v. Gable*, 400 So.2d 992, 996–97 (Fla.3d DCA 1981).

The United States argues that upon the voluntary dismissal of the appeal, there was nothing left for the trial court to do. To the contrary, the record reveals that at the time the appeal was dismissed, the trial court had not entered a final order directing disposal of the property. In our view, upon dismissal of the appeal,[3] jurisdiction vested back in the circuit court for it to enter a final order directing the disposition of the res. *Cf. Huie v. State*, 92 So.2d 264 (Fla.1957) (jurisdiction vested back with the trial court to dispose of a habeas corpus bond when the appeal was dismissed). In sum, the state court's jurisdiction does not end before it issues a final order directing the disposition of the property.

### III. CONCLUSION

At the time the federal district court asserted jurisdiction over the res, the state circuit court had not entered a final order disposing of the property. The federal district court's premature exercise of in rem jurisdiction impaired the state court's jurisdiction and violated the spirit of comity that must underlie federal and state court relations. In that its exercise of jurisdiction was premature, the district court must return the res to the state court's jurisdiction.[4]

The district court's order of forfeiture is VACATED and, upon REMAND, the district court is directed to order the U.S. Marshals Service to return the res to the state court.

VACATED and REMANDED with directions.

---

**3.** We need not resolve the parties' dispute about whether the partial final order dismissing the action only against the res was valid and appealable. If it was not appealable under Florida law, then jurisdiction never left the circuit court.

**4.** We do not decide whether the federal district court can request the state circuit court to return the res to it. Nor do we decide whether, if the res is released to Boetto, the federal district court can again assert jurisdiction.