CRAWLEY, Judge.
The City of Gadsden appeals from an order granting Thomas Herman Jordan’s Rule 60(b)(4), Ala. R. Civ. P., motion. We reverse.
In 1994, the City filed a complaint against Jordan, seeking to have $8,780 in cash and a 1974 Chevrolet Blazer vehicle, allegedly used by Jordan in the commission of a controlled substance offense, forfeited to the City. The forfeiture case was tried in September 1996. On March 4, 1997, the trial court ordered that the property be forfeited to the City.
On April 1, Jordan filed a postjudgment motion, alleging that the judgment was against the great weight of the evidence. The trial court denied the motion on May 7. On June 16, Jordan filed a motion for relief from the judgment, pursuant to Rule 60(b)(4), arguing that the judgment was void because, he claimed, by virtue of §§ 20-2-93(h) and 28-4-286, Ala.Code 1975, only the State — and not a municipality — can initiate a civil forfeiture proceeding.
On August 1, the City filed a response to Jordan’s Rule 60(b)(4) motion, asserting that Jordan had waived any objection to the City’s having instituted the forfeiture action. In the alternative, the City argued that the complaint could be amended, pursuant to Rules 15 and 17, Ala. R. Civ. P., to add the State as a party plaintiff. The City then submitted a joint motion with the district attorney, acting on behalf of the State, to add the State as a plaintiff.
The circuit court’s order granting Jordan’s Rule 60(b)(4) motion states, in pertinent part:
“[T]his court finds that the City of Gadsden had no authority, either statutory or otherwise, to file this action.... [T]he defendant’s objection to proper party is jurisdictional in nature and cannot be waived. The State legislature clearly intended that forfeiture actions could only be filed in the name of the State and by District Attorneys or the Attorney General. Alabama Code sections 20-2-93 and 28-4-286 through 28-4-290.
“Furthermore, Alabama Code section 20-2-93(c) (1975) requires that said action must ‘be instituted promptly.’ Adams v. State ex rel. Whetstone, 598 So.2d 967 (Ala.Civ.App.1992); $1113.77 U.S. Currency v. State, Escambia County, 606 So.2d 151, 152-53 (Ala.Civ.App.1992), cert. denied (Oct. 30, 1992). The City of Gadsden’s attempt to amend the complaint to now add the proper party, the State of Alabama, which is a separate governmental entity, is not prompt in accordance with the statute. Rule 17(a), Alabama Rules of Civil Procedure, cannot and does not control over Alabama Code Section 20-2-93 in that a legislative act of statewide application controls over any court rule. Ex parte Foshee, 246 Ala. 604, 21 So.2d 827 (1945); Ex parte Oswalt, 686 So.2d 368, 369 (Ala.1996). Rule 1, Ala. R. Civ. P., committee comments specifically state that ‘the Alabama Rules of Civil Procedure ... have no application in criminal proceedings. Nor do they apply to pertain special statutory proceedings, enumerated in Rule 81 except to the extent that the Rules are not inconsistent with the statutes.’ Rule 81(a)(12), Ala. R. Civ. P., dictates that forfeiture of contraband property shall be a proceeding that is controlled by statute. Therefore, the statute would control and Rules 1 and 81, Ala. R. Civ. P., acknowledge the same.” •'
The City was not authorized to file the forfeiture complaint. Section 28-4-286, Ala.Code 1975, provides' that condemnation proceedings shall be “instituted ... in the circuit court by filing a complaint in the name of the state agaihst the property seized.” Based on that section, a forfeiture proceeding is properly instituted in the name of the State on the relation of *875 the district attorney. Howell v. State ex rel. Goodrich, 250 Ala. 243, 34 So.2d 142 (1948). Despite the fact that the City was not the proper party to file the forfeiture complaint, the circuit court erred by holding that it did not have subject matter jurisdiction over the action.
A civil forfeiture proceeding is an action in rem against the property itself. Wherry v. State ex rel. Brooks, 637 So.2d 1353, 1355 (Ala.Civ.App.1994).
“To have subject matter jurisdiction in an in rem proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the controversy.”
Ruth v. Department of Legal Affairs, 684 So.2d 181, 185 (Fla.1996). As a court of general jurisdiction, the circuit court had jurisdictional authority to adjudicate the class of cases to which this action belongs. See Ala. Const. Amend. 328, § 6.04(b). The circuit court also had jurisdictional authority over the property that is the subject matter of the controversy. See Republic Nat’l Bank of Miami v. United States, 506 U.S. 80, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992). A court acquires jurisdiction over the property in an in rem proceeding when the res is validly seized and brought within the control of the court. Id. at 84-85, 113 S.Ct. 554. In Alabama, the res is validly seized either pursuant to “process issued by [a] court,” see § 20-2-93(b), Ala.Code 1975; Brown & Hagin Co. v. McCullough, 194 Ala. 638, 69 So. 924 (1915), or pursuant to one of the exceptions listed in § 20-2-93(b)(l)-(4), Ala.Code 1975. In the present' cáse, the property was seized pursuant to one of the statutory exceptions-, namely Jordan’s arrest for trafficking in marihuana. See § 20-2-93(b)(l). In order to have subject matter jurisdiction in a forfeiture case, “the court must have actual or constructive control of the res when an in rem forfeiture suit is initiated.” Republic Nat’l Bank of Miami v. United States, 506 U.S. at 86, 113 S.Ct. 554. “[J]urisdiction, once vested, 'is not divested.” Id. at 84, 113 S.Ct. 554.
Jordan’s vehicle and cash were validly seized and brought within the circuit court’s control; therefore, the circuit court had subject matter jurisdiction over the action and the judgment was not void. The ■ judgment was voidable because it rested on a complaint that was filed by an improper party. That defect, however, could be cured by-waiver or could be corrected by amendment. . See Holyfield v. Moates, 565 So.2d 186, 189 (Ala.1990). We hold that the defect was corrected by amendment when the City and the district attorney, acting on behalf of- the State, filed a joint motion to amend the complaint to name the State as a plaintiff.
Rule 15, Ala.- R. Civ. P.,[1] states that “[a]n amendment of a pleading relates back to- the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original- pleading.” In Board of Water & Sewer Comm’rs of the City of Mobile v. McDonald, 56 Ala.App. 426, 322 So.2d 717 (Ala.Civ.App.), cert. denied, 295 Ala. 392, 322 So.2d 722 (1975), this court held:
“An - amendment changing parties plaintiff -relates back if the claim of the new party arose out of the same transaction, *876 conduct or occurrence as that set forth in the original pleading, and if the defendant, within the period provided by law for commencing the action against him (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the substituted or joined party would have brought the action against him.”
56 Ala.App. at 430, 322 So.2d at 721. The Alabama Supreme Court relied on this court’s holding in McDonald when it decided, in English v. State ex rel. Purvis, 585 So.2d 910 (Ala.1991), that the State could, after judgment, amend its complaint to add a municipality as plaintiff.
In English, the trial court enjoined the operation of a tavern, upon a finding that the establishment was a “drug hangout” and constituted a nuisance. 585 So.2d at 911. The applicable statute provided that the proper party to commence an action to enjoin a nuisance was the municipality. The action, however, had been filed by the district attorney in the name of the State. After judgment, the State sought to amend its complaint to add the municipality as a party plaintiff, but the trial court refused to allow the amendment. Relying on the following analysis of Rule 15(c), Fed.R.Civ. P., by Professors Wright and Miller, the Alabama Supreme Court held that the trial court erred, that the amendment should have been allowed, and that the amendment related back to the time of filing the initial complaint:
“ ‘ “Although Rule 15(c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that the problem of relation back generally is easier to resolve in this context than when it is presented by a change in defendants and that the approach adopted in Rule 15(c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs. As long as defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added ....
“ ‘ “The courts seem to concentrate on the notice and identity of interest factors as they do in the case of amendments changing defendants. Thus, an amendment substituting a new plaintiff has been held to relate back if the added plaintiff is the real party in interest. ..
English v. State ex rel. Purvis, 585 So.2d at 912 (quoting Manning v. Zapata, 350 So.2d 1045, 1046-47 (Ala.Civ.App.1977)) (quoting, in turn, 6 Wright & Miller, Federal Practice and Procedure, § 1501 at 523-24) (emphasis added in Manning).
Rule 17(a), Ala. R. Civ. P., states, in pertinent part:
“[A] party authorized by statute may sue in that person’s own name without joining the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
Rule 17(a), “in effect, makes 'the doctrine of relation back of amendments changing parties applicable to plaintiffs and is the companion to similar treatment for defendants found in Rule 15.” Rule 17, Ala. R. Civ. P. (Committee Comments on 1973 Adoption).
In English, the court decided that the amendment “should have been allowed because [the tavern] had notice of the claim against it and the allowance of the amend *877 ment in no way would have prejudiced [the tavern].” 585 So.2d at 912. Likewise, we conclude that Jordan had notice of the claim against his property and that he was not prejudiced by the amendment. “The purpose of the [real party in interest] rule is to protect the defendant from subsequent action by the party actually entitled to recover and to ensure that a judgment will have res judicata effect.” U-Haul Co. of Alabama v. Turner, 355 So.2d 384, 386 (Ala.Civ.App.1978). In the present case, the City was “the party actually entitled to recover.” Regardless of which governmental entity filed the forfeiture complaint in this case, it is clear that, because municipal law enforcement officers acted alone in arresting Jordan and seizing his property, the proceeds from any sale of Jordan’s property after forfeiture would-be awarded to the City. Section 20-2-93(e), Ala.Code 1975, provides, in pertinent part, the following:
“When property is forfeited under this chapter the state, county or municipal law enforcement agency may:
[[Image here]]
“(2) Sell that which is not required to be destroyed by law and which is not harmful to the public. The proceeds from the sale ... shall be used, first, for payment of all proper expenses of the proceedings for forfeiture and sale ... and the remaining proceeds from such sale shall be awarded and distributed by the court to the municipal law enforcement agency or department, and/or county law enforcement agency or department, and/or state law enforcement agency or department, following a determination of the court of whose law enforcement agencies or departments are determined by the court to have been a participant in the investigation resulting in the seizure, and such award and distribution shall be made on the basis of the percentage as determined by the court, which the respective agency or department contributed to the police work resulting in the seizure.”
The facts of this case are analogous to the facts of English; therefore, our supreme court’s holding in English is dispos-itive of the legal issues presented here. The judgment of the circuit court granting Jordan’s Rule 60(b)(4) motion is reversed, and the cause is remanded for proceedings consistent with the principles expressed in this opinion.
REVERSED AND REMANDED.
YATES andTHOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J„ concur in the result only.

. Citing Rule 81(a)(12), Ala. R. Civ. P., Jordan argues that the Rules of Civil Procedure do hot apply in forfeiture cases. Rule 81(a)(12) provides that, in cases involving the “forfeiture of contraband property,” the rules "shall be applicable to the extent that the practice is not provided by statute." Jordan claims that the procedure is provided by statute and, thus, that the rules do not apply.
Although §§ 28-4-286 through 28-4-290 establish the procedure for forfeiture cases, those statutes are silent on the matter of amending a complaint. Because the statutes prescribe no procedure regarding amendments, they do not conflict with (and, therefore, do not displace) the Rules of Civil Procedure concerning amended pleadings.