Although this case is not a model to be followed in filing a forfeiture action, I believe the provisions of Alabama law and this Court's rules of procedure permit this forfeiture action to proceed. I believe that the issue presented in this case requires that we construe our statutes governing forfeitures in parimateria with the Alabama Rules of Civil Procedure.
Section 20-2-93, Ala. Code 1975, contains a list of all of the items of real and personal property "are subject to forfeiture" in Alabama. That Code section states, in pertinent part:
"(a) The following are subject to forfeiture:
". . . .
 "(8) All real property or fixtures used or intended to be used for the manufacture, cultivation, growth, receipt, storage, handling, distribution, or sale of any controlled substance in violation of any law of this state."
§ 20-2-93, Ala. Code 1975. It seems apparent to me that the majority would agree that had this forfeiture action been filed in the name of the State initially, then it could proceed. In view of that fact, it appears to me that the majority then incorrectly holds that the initial complaint could not be amended, pursuant to Rule 15, Ala.R.Civ.P., to name the real party in interest.
Although I must admit that Rule 1(a), Ala.R.Civ.P., states that Alabama's Rules of Civil Procedure do not govern "proceedings enumerated in Rule 81, and other exceptions stated in Rule 81," and *Page 1032 
that Rule 81 enumerates certain proceedings that are controlled by statute, including, at Rule 81(a)(12), "[f]orfeiture of contraband property," I do not believe that ends the inquiry.
The critical question is whether the provisions of the rules that permit pleadings to be amended are applicable here. I think the amendment should have been permitted, because Rule 81(a) also provides that Alabama's Rules of Civil Procedure apply to the proceedings set out in Rule 81 "to the extent that the practice insuch matters is not provided by statute." (Emphasis added.)
Although Section 20-2-93(h), Ala. Code 1975, provides certain directives as to the applicable procedure, those directives should not be construed as being exclusive. Section 20-2-93(h), Ala. Code 1975, provides:
 "Except as specifically provided to the contrary in this section, the procedures for the condemnation and forfeiture of property seized under this section shall be governed by and shall conform to the procedures set out in Sections 28-4-286 through 28-4-290."[1]
Neither § 20-2-93 nor §§ 28-4-286 through 28-4-290 contain provisions for amendments to complaints in condemnation proceedings. Thus, according to the clear language of Rule 81(a), Ala.R.Civ.P., the provisions of the Alabama Rules of Civil Procedure govern areas such as the amendment of complaints.
The trial court granted the City's motion to amend its complaint in order to join the State as a plaintiff. Therefore, the specific issue is not whether the trial court erred by not following the dictates of Rule 15, Ala.R.Civ.P. Instead, the issue is whether the amendment was effective to preclude dismissal of the forfeiture action. I think that it was.
As stated above, certain procedures for maintaining a forfeiture action under § 20-2-93 are governed by §§ 28-4-286
through 28-4-290. Section 28-4-286 provides that, to institute a forfeiture or condemnation action, a county officer or the state attorney general shall file "a complaint in the name of the state
against the property seized . . . or against the person or persons in possession" of the property. (Emphasis added.) Section20-2-93 modifies this requirement only with regard to seizure. Section 20-2-93(b) provides:
 "Property subject to forfeiture under this chapter may be seized by state, county or municipal law enforcement agencies upon process issued by any court having jurisdiction over the property."
(Emphasis added.) Section 20-2-93(c) requires that "[i]n the event of seizure . . ., proceedings under . . . this section shall be instituted promptly." Neither the City nor the State has seized the subject property. Therefore, the provisions of § 20-2-93(c) do not come into play. See Reach v. State, 530 So.2d 40 (Ala. 1988). With regard to § 20-2-93(b), the statute clearly does not require the City or the State to seize the property, but states only that those entities "may" seize the property.
The City does not challenge the fact that it cannot maintain a forfeiture or condemnation action in its name alone under the provisions of § 28-4-286, Ala. Code 1975, but the complaint filed by the City was amended to bring in the proper party. Could the complaint be amended? I think so.
Rule 17(a), Ala.R.Civ.P., provides:
 "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; *Page 1033 
and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
Unquestionably, Alabama's Rules of Civil Procedure have been interpreted to provide for liberal amendment to complaints in certain circumstances "when justice so requires," or "upon a showing of good cause." Rule 15(a). I think that "justice" requires that the City of Gadsden be allowed to amend to add the State in this case. See English v. State ex rel. Purvis,585 So.2d 910 (Ala. 1991), where this Court upheld an amendment to a complaint even after a judgment had been entered. In English, this Court held that an amendment to a complaint is proper when a defendant has "notice of the claims against it and the allowance of the amendment in no way" prejudices the defendant. Id. at 912.
There is no dispute that the property owner had notice of possible action against his property. The amendment to the complaint only added the State as a plaintiff. It did not alter the substantive claims against the property. The property owner was never deprived of adequate notice and was never prejudiced by the amendment. Therefore, I would hold that the trial court, by allowing the City to amend the complaint to add the State as a plaintiff, effectively preserved for the State and the City the ability to prosecute the forfeiture action and carry out the intent of the Legislature to confiscate property that is being used for illegal purposes. See Durham v. State, [Ms. 2971129, February 12, 1999] 730 So.2d 235 (Ala.Civ.App. 1999); and Cityof Gadsden v. Jordan, [Ms. 2970342, July 31, 1998] ___ So.2d ___ (Ala.Civ.App. 1998).
[1] Subsection (h) also points out, in regard to forfeiture actions, changes in the standards and burdens of proof, and it makes provisions for service in forfeiture actions. These provisions are not relevant here.