On Second Application for Rehearing

THOMPSON, Presiding Judge.
This is the second rehearing Fernando Ruiz has sought in this case. The opinion of July 24, 2015, in which Ruiz’s original application for rehearing was granted, is withdrawn, and the following is substituted therefor.
Ruiz appeals from , a summary judgment of the Montgomery Circuit Court (“the trial court”) entered in-favor of the City of Montgomery (“the City”), The facts of this case are undisputed; however, the parties • dispute the proper application of Alabama law to those facts. Because the procedural time line of the case is crucial to the, parties’ arguments, we briefly set forth the pertinent facts in conjunction with the procedural time line of the case.
On March 13, 2014, Montgomery Police Department (“MPD”) officers seized $382,289 in United States currency (“the currency”) from Ruiz’s vehicle pursuant to a traffic stop and the subsequent arrest of Ruiz. MPD officers used the currency to purchase a cashier’s check and delivered the check into the custody of United States marshals on March 20, 2014. On or around April 15, 2014, the United States Drug Enforcement Administration (“DEA”) commenced administrative federal forfeiture proceedings against the currency. Ruiz received notice of the federal forfeiture proceedings and instructions for contesting the proceedings. Those instructions indicated that Ruiz could petition the DEA for return of the currency or could contest the seizure and forfeiture of the -currency in federal court, specifically *28 the United States District Court for the Middle District of Alabama.
On March 30, 2014,10 days after federal agents received the cashier’s check but approximately 16 days before the commencement of the federal forfeiture proceedings, Ruiz filed in the trial court a “complaint and motion” against the City seeking the return of the currency. The City filed a motion to dismiss Ruiz’s complaint on the ground that Ruiz did not have standing to file the complaint and that, because Ruiz lacked standing, the trial court had not acquired subject-matter jurisdiction.[1]
On May 22, 2014, Ruiz filed in the trial court a response to the City’s motion to dismiss and a motion for a summary judgment. In his summary-judgment motion, Ruiz claimed that no forfeiture proceedings had been commenced against the currency in either federal court or state court. Ruiz argued that Alabama law requires forfeiture proceedings to be instituted promptly and that, because approximately 10 weeks had passed since the currency had been seized, he was entitled to the return of the currency. The City filed a response to Ruiz’s motion and reiterated its claim that Ruiz lacked standing to seek the return of the currency and that, as a result, the trial court lacked subject-matter jurisdiction.
On July 31, 2014, the federal forfeiture proceedings were completed, and the City received 80% of the currency pursuant to “equitable sharing” of the seized currency. See Payne v. City of Decatur, 141 So.3d 500, 502 n. 1 (Ala.Civ.App.2013).
On August 18, 2014, the City filed a motion for a summary judgment in the action pending in the trial court, in which it again argued that Ruiz lacked standing to seek the return of the currency and that the trial court lacked subject-matter jurisdiction. The trial court heard arguments of counsel on August 25, 2014, and on August 28, 2014, it entered a summary judgment in favor of the City. Ruiz filed a postjudgment motion, which the trial court denied. Ruiz timely appealed. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Before considering whether the summary judgment was proper, we must determine whether federal or state jurisdiction over the currency attached first, an issue the parties argue extensively in their respective briefs to this court and one that may be dispositive of this appeal. Because concurrent in rem jurisdiction is not allowed, Green v. City of Montgomery, 55 So.3d 256, 264 (Ala.Civ.App.2009), the determination of whether federal or state jurisdiction attached first is crucial, for if federal jurisdiction attached first, then the trial court’s summary judgment was entered without in rem jurisdiction and, therefore, would be void.
Ruiz argues that state jurisdiction over the currency attached when MPD officers, pursuant to § 20-2-93, Ala.Code 1975,[2] *29 seized the currency on March 13, 2014. Because, Ruiz argues, state jurisdiction attached on that date, the trial court had exclusive jurisdiction over the currency and, as a result, the federal forfeiture proceedings, which commenced approximately one month later, were conducted without jurisdiction and, therefore, were invalid. On the other hand, the City argues that state jurisdiction did not attach until Ruiz filed his complaint in the trial court on March 30, 2014, and that, by that time, federal jurisdiction had already attached by virtue of the federal government’s possession of the currency.
In support of his argument that state jurisdiction attached when MPD officers seized the currency, Ruiz cites Garrett v. State, 739 So.2d 49 (Ala.Civ.App.1999), and City of Gadsden v. Jordan, 760 So.2d 873 (Ala.Civ.App.1998), for the proposition that in rem jurisdiction attaches in a state court at the moment state officials seize property pursuant to § 20-2-93 and that no filing is required. In rebuttal, the City argues that Green, supra, provides that a state court does not acquire in rem jurisdiction until state officials have seized the property and an in rem action has been filed in a state court.
Despite Ruiz’s arguments that Garrett and City of Gadsden hold that state jurisdiction attaches when the res is seized pursuant to § 20-2-93, those cases did not involve the issue of competing federal and state in rem jurisdiction. Furthermore, in both of those cases, in rem proceedings were filed in the respective state courts. Thus, as the United States District Court for the Middle District of Alabama noted in United States v. $96,370 in United States Currency (Civil Action No. 3:14-cv-356-WHA, Nov. 12, 2014) (M.D.Ala.2014)(not published in F.Supp.3d), “[t]here is no indication in either City of Gadsden or Garrett that seizure itself is sufficient for state jurisdiction to attach. In both cases there was no issue of whether federal jurisdiction existed, and in both cases there were valid filings in state court.”
The applicable case affecting the disposition of this appeal is Green, supra, which did involve an issue of competing federal and state in rem jurisdiction. In Green, MPD officers seized, pursuant to a traffic stop, approximately $30,000 in United States currency from a vehicle occupied by Green and two other individuals (“the claimants”). Pursuant to the doctrine of “adoptive seizure,” the City sought to transfer the currency to the federal government for federal forfeiture proceedings. While the federal government was reviewing the City’s request, the claimants filed in state court a complaint seeking the return of their property. Later, the DEA adopted the seizure, and United States marshals took custody . of the property. Thus, on appeal, this court had to determine whether federal or state jurisdiction had attached first.
The claimants’ argument in Green, as is Ruiz’s argument in the present case, was that the initial seizure by MPD officers brought the property within the jurisdiction of the state court. However, this court held that Alabama law requires a two-step process before state jurisdiction *30 attaches: possession and the filing of an in rem action. Green, 55 So.3d at 263. Federal jurisdiction, on the other hand, “begins the moment the res is controlled by federal agents,” id., “[s]o long as the state court has not exercised in rem jurisdiction. ...” Id. In Green, we held that the federal government controls property when that property is in the “actual possession” of agents of the United States. Green, 55 So.3d at 264. Because the United States agents did not have actual possession of the property in Green until after the claimants had filed their complaint in the state court, we held that state jurisdiction had attached first, and, accordingly, we reversed the summary judgment in that case and remanded the action.
In this case, however, United States marshals had actual possession of the currency before Ruiz filed his complaint in the trial court. Thus, on the authority of Green, we hold that federal jurisdiction attached first, and, as a result, the trial court had no jurisdiction to entertain Ruiz’s complaint or to enter a judgment pursuant to it.
Although Ruiz acknowledges the two-step process articulated in Green, he suggests that the discussion of that process in Green was “mere dicta,” that the two-step process contradicts the law as set out in Garrett and City of Gadsden, and that this court should take this opportunity to clarify whether Green requires the filing of an in rem action in a state court to vest that court with in rem jurisdiction. We are not persuaded by Ruiz’s arguments. To the contrary, the two-step process discussed in Green, as opposed to being dictum, was crucial to the determination of whether federal or state jurisdiction had attached first.
In $96,370, the United States District Court for the Middle District of Alabama (“the federal court”) was faced with the same argument that Ruiz makes here, i.e., that the discussion of the two-step process articulated in Green was dictum. In disposing of that case, the federal court stated:
“Contrary to Grant’s arguments, the description of the ‘two-step process’ by which the state court acquires jurisdiction in cases such as these was not dictum in the Green decision.... If, as Grant claims ..., state court jurisdiction attached upon the seizure of the currency, the Green decision would have required less analysis. Instead, the court there had to engage in an in-depth examination of relevant events to determine when jurisdiction attached at either the state or federal level. The filing of an action in state court ... was the critical moment at which state court jurisdiction attached and precluded any exercise of federal jurisdiction over the defendant currency.”
Furthermore, as we noted above, the two-step process discussed in Green, contrary to Ruiz’s argument, is not contradictory to Gairett and City of Gadsden, a holding the federal court endorsed in $96,370.
“City of Gadsden and Garrett are both consistent with the Green decision.
“... In both cases there was no issue of whether federal jurisdiction existed, and in both cases there were valid filings in state court. Grant makes much of the statement from both decisions that ‘[a] court acquires jurisdiction over the property in an in rem proceeding when the res is validly seized and brought within the control of the court.’ Garrett, 739 So.2d at 52 (quoting City of Gadsden, 760 So.2d at 875) (emphasis added). The upshot of all of this case law is that seizure itself is distinct from the step in which the property is ‘brought within the control of the court.’ Green explains *31 that to be ‘brought within the control of the court,’ there must be some kind of filing or process in the state court itself.’
[[Image here]]
“For these reasons, the Green decision is entirely compatible with both City of Gadsden and Garrett, and is an accurate statement of Alabama law.”
$96,370. Lest there be any confusion, we reiterate that current Alabama law, under Green, requires a two-step process for state in rem jurisdiction to attach: possession of the seized property and the filing of an in rem action. In this case, because no in rem action was filed in the trial court until after federal in rem jurisdiction had attached, the trial court did not have in rem jurisdiction over the currency, and, as a result, it did not have jurisdiction to enter the summary judgment.
On application for rehearing, Ruiz places much emphasis on the fact that the federal forfeiture proceedings were administrative as opposed to judicial, i.e., there were no forfeiture proceedings filed in a federal court. Ruiz cites no law, and we know of no law, that stands for the proposition that federal forfeiture proceedings . must be commenced in a federal court before federal jurisdiction attaches. In fact, the federal forfeiture proceedings in Green were also not judicial in nature,[3] yet that fact did not preclude this court from holding that, federal jurisdiction would have attached upon federal agents taking possession of the property if state jurisdiction had not already attached, and we made no distinction based on whether the federal forfeiture proceedings were administrative or judicial in nature. Thus, we find Ruiz’s argument that the federal forfeiture proceedings in this case were administrative, rather than judicial, to be of no consequence. Green makes clear that federal jurisdiction attaches if federal agents control the res before a state court exercises jurisdiction over that res. Green, 55 So.3d at 265. Because federal agents controlled the currency in this case before the trial court obtained jurisdiction over it, the trial court’s summary, judgment was entered in the absence of in rem jurisdiction and, thus, was void. Ex parte Citizens Bank, 879 So.2d 535, 538 (Ala.2003) (a judgment is void if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process); and United States v. 51 Pieces of Real Prop., Roswell, N.M., 17 F.3d 1306, 1309 (10th Cir.1994) (“Because a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action, we have held that before entering a default judgment, a court has ‘an affirmative duty to look into itsjurisdiction both over the subject matter and the parties.’ Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202-03 (10th Cir.1986). This affirmative duty exists regardless of whether the parties are people or, in the case of actions in rem, inanimate objects such as pieces of real property.” (emphasis added)).
“A void judgment will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment. Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, *32 274 (Ala.2000).” Reed v. White, 80 So.3d 949, 953 (Ala.Civ.App.2011). Because the summary judgment entered by the trial court will not support an appeal, we cannot consider the other issues Ruiz attempts to raise on appeal. However, we do note that any challenges to the propriety of the transfer of the currency would have been properly raised with the DEA or in federal court. See Ervin v. City of Birmingham, 137 So.3d 901, 904-05 (Ala.2013). Ruiz was on notice of his right to challenge the federal forfeiture proceedings with the DEA or in federal court and elected not to exercise that right.
For the reasons set forth, the trial court’s summary judgment in favor of the City is void. Thus, we dismiss the appeal, albeit with instructions to the trial court to vacate its August 28, 2014, summary judgment.
APPLICATION GRANTED; OPINION OF JULY 24, 2015, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The basis for the City’s argument that Ruiz lacked standing to seek the return of the currency was that Ruiz, while in custody of the MPD on March 13, 2014, had signed a "Voluntary Disclaimer of Interest and Ownership” of the currency. Thus, the City argued, without an interest in the currency, Ruiz had no standing to seek the return of the currency.

. Section 20-2-93 provides, in part:
"(a) The following are subject to forfeiture:
[[Image here]]
"(4) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of any law of this state; all proceeds traceable to such an exchange; and all moneys, negotiable instruments, and securities used or intended to be used *29 to facilitate any violation of any law of this state concerning controlled substances;
[[Image here]]
"(b) Property subject to forfeiture under this chapter may be seized by state, county or municipal law enforcement agencies upon process issued by any court having jurisdiction over the property. Seizure without process may be made if;
"(1) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant.”

. We note that, in Green, the claimants’ action was, at one point, removed to federal court by the City to address the claimants’ Fourteenth Amendment claim. However, after the claimants amended their complaint to remove that claim, the case. was remanded back to state court. The fact that the claimants' state-court in rem action in Green'was briefly removed to federal court does not alter the fact that the federal forfeiture proceedings initiated by the DEA in Green, like the federal forfeiture proceedings in this case, were administrative, not judicial, in nature.